# Vines v. Jaffe Jewelry Company.

## Trover.

(Decided May 11, 1911.  55 South. 440.)

1. *Appeal and Error; Harmless Error; Pleading.*—It was harmless error to sustain demurrer to pleas which the uncontradicted evidence showed were without merit.

2. *Estoppel; Equitable Estoppel; Grounds.*—The evidence in this case stated and examined and under it it is held that the jewelry company was not estopped from claiming the ring as they did not ratify the unauthorized sale of the same, and that defendant acquired no title thereto.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

[Vines v. Jaffe Jewelry Company.]

Trover by the Jaffe Jewelry Company against J. C. Vines for a diamond ring. Judgment for plaintiff, and defendant appeals. Affirmed.

Goodwyn & Ross, for appellant. Each of the pleas were in estoppel and were good.—16 Cyc. 697; Ib. 809. Under the evidence the court erred in rendering judgment against the defendant.—*Lightman v. Boyd*, 32 So. 714; *Fuller v. Ames*, 19 So. 366; *Parker v. Marks*, 3 So. 5; *Peterson v. Steiner*, 18 So. 688; *Wilke v. Key*, 23 So. 6; 35 Cyc. 361; Ib. 510; 16 Cyc. 697.

C. D. Ritter, for appellee. Before amendment pleas 4 and 5 were certainly bad.—*Hoyt Bros. Mfg. Co. v. Turner*, 84 Ala. 523; *Wolmar v. Lehman*, 85 Ala. 274. No estoppel was shown and no title passed to the defendant.—*Lightman v. Boyd*, 32 So. 714; *Moore v. Robinson*, 62 Ala. 537; *Batt v. McCoy*, 20 Ala. 578; *Johnson v. Boyles*, 26 Ala. 576; 35 Cyc. 340 and 362.

DE GRAFFENRIED, J.—This was a suit in trover for the value of a diamond ring. The case was tried by the court without a jury, judgment was rendered by the court in favor of the plaintiff, and the defendant appeals.

There was the plea of the general issue, and two pleas in estoppel. A demurrer was interposed to the pleas in estoppel, which demurrer the court sustained, and the defendant excepted. The pleas in estoppel were then amended to meet the rulings of the court, and on the plea of the general issue and the pleas in estoppel the case was tried. It is not necessary for us to consider the rulings of the court on the pleadings. The case, as above stated, was tried by the court without a jury. The evidence showed that the defense sought to be made by the pleas in estoppel, both in their original and

amended form, was not supported by the evidence, and, if error was committed by the court in its rulings on the demurrer, it was error without injury.

The evidence was without material conflict, and was, in substance, as follows: The plaintiff was a jewelry merchant in the city of Birmingham, and the defendant resided in Bessemer. One Shas was a peddler, and sold spectacles, and was known to plaintiff. One morning, while the manager of the plaintiff was taking a tray of jewelry from a safe in plaintiff's establishment, Shas was present and asked to be permitted to take a certain diamond ring from the store and show it to a party, saying he thought he knew a party who might want to buy it, and that he would be gone only a short time. There is no evidence tending to show that plaintiff gave Shas any information as to the value of the ring, and the evidence shows that it did not authorize him to sell it, even if the party to whom he desired to show it desired to purchase it. Shas did not return with the ring, and the next day plaintiff, having ascertained that he was in Bessemer, reached by telphone and asked him why he had not returned the ring. Shas replied that he would bring the ring back to plaintiff on the next train. Shas did not return the ring, and the plaintiff notified the police authorities of Bessemer, and asked them to be on the lookout for Shas. About two months later, plaintiff employed a detective, and with his aid found that the ring had been sold by Shas to the defendant, who, it seems, was also engaged in the jewelry business, and that the defendant had reset the diamond and sold it for $125. It seems from the defendant's testimony that Shas at first pawned the ring to him for $65, with the understanding that when, if ever, redeemed he would pay defendant $10 for the use of the money. In about a week he returned, paid the defendant $75, and redeem-

ed the ring. Shas was, according to defendant, in and about Bessemer with the ring for two or three weeks, when he disappeared. About two weeks later, defendant heard from Shas in New Orleans. Shas wrote him from there, saying that he would take $75 for the ring. The defendant accepted the offer, sent Shas the money, and Shas sent defendant the ring. The evidence without conflict showed that the plaintiff had not seen Shas since the day he obtained the ring from plaintiff, and the evidence also showed without conflict that Shas had not been seen by defendant since his disappearance from Bessemer a week or two before he bought the ring. Shas obtained the ring from plaintiff some time in December, 1908, and pawned it to defendant about January 1, 1909. Some time after the suit was brought, the plaintiff received from Shas a letter, mailed on some train, without postmark, sending him $75, saying that he was sorry that he had treated him badly about the ring, and would, later on, send him some more money. The plaintiff kept the money. His evidence shows that he did not know where Shas was, did not know from what place the money was received, and could not have returned the money if he had so desired. The defendant insists that, because the plaintiff retained this money, he was not entitled to recover in this suit.

We do not think that the retention of this money, under the circumstances, constituted any of the elements of an estoppel to the maintenance of his suit against the defendant. At the time this money was sent to plaintiff through the mails, the defendant had converted plaintiff's property by selling it for $125, and for the recovery of its value this suit had been brought. Shas, when he sold the ring, was guilty, under the evidence, of a criminal offense, and the retention of this "conscience money" by the plaintiff, under the circum-

stances, not only did not amount to an estoppel against plaintiff, or a ratification by plaintiff of the criminal act of Shas in disposing of the ring, but it did inure to defendant's benefit, as it should have done. The court, in its finding for the plaintiff, gave the plaintiff a judgment for $65, the value of the ring, as found by the court, less the $75 "conscience money" which Shas had mailed the plaintiff and which the plaintiff had retained. In our opinion, the court, under the evidence, properly gave judgment for the plaintiff, and the record is free from error.

The principles upon which this decision is based are all elementary, and we cite no authorities to sustain them. The judgment of the court below is affirmed.

Affirmed.